IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JEREMY TOWNSEND,<br><br>    Plaintiff,<br><br>v.<br><br>DEERE & COMPANY, d/b/a John Deere Ottumwa Works,<br><br>    Defendant. | CIVIL ACTION NO. 4:22-cv-422-SHL-SBJ<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT |

COMES NOW Defendant Deere & Company, d/b/a John Deere Ottumwa Works ("Deere" or "Defendant") and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint state:

## PARTIES, VENUE & JURISDICTION

1. Plaintiff Jeremy Townsend is and was at all times material hereto a citizen and resident of Bloomfield, Davis County, Iowa.

**ANSWER: Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Lawsuit for lack of information. Upon information and belief, Plaintiff resided in Bloomfield, Iowa during his employment.**

2. Defendant Deere & Company is a Delaware corporation authorized to do business in Iowa with its principal place of business in Moline, Illinois.

**ANSWER: Defendant's admit Paragraph 2 of Plaintiff's Lawsuit.**

3. Deere & Company, d/b/a John Deere Ottumwa Works, is located in Ottumwa, Wapello County, Iowa.

**ANSWER: Defendant admits Paragraph 3 of Plaintiff's Lawsuit.**

#3412770

4. The unlawful actions described herein occurred in Ottumwa, Wapello County, Iowa.

**ANSWER: Defendant denies any such unlawful actions occurred, but concurs that Plaintiff's allegations relate to Wapello County, Iowa.**

5. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Wapello County.

**ANSWER: Defendant denies any damages alleged but concurs that the amount in controversy is satisfied.**

## CONDITIONS PRECEDENT

6. Within 300 days of the last act of discrimination, Plaintiff filed a charge of discrimination against Defendant with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunity Commission (EEOC). A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

**ANSWER: Defendant denies any act of discrimination, but concurs that Plaintiff timely filed with the Iowa Civil Rights Commission.**

7. On September 9, 2022, the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

**ANSWER: Defendant admits the Right to Sue letter is dated September 9, 2022.**

8. On October 25, 2022 the EEOC issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto.

**ANSWER: Defendant admits the Right to Sue letter is dated October 25, 2022.**

9. Plaintiff has complied with all conditions precedent to the filing of this cause of action.

**ANSWER: This is a statement of law and not fact which requires no response, to the extent one is required, Defendant admits the administrative process was followed as set forth in paragraphs 6 and 7.**

## COUNT I: DISABILITY DISCRIMINATION
### The Iowa Civil Rights Act Iowa Code Chapter 216

10. Plaintiff repleads the allegations set forth above as if fully set forth herein.

**ANSWER: Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

11. Plaintiff Jeremy Townsend ("Townsend") was employed with Defendant Deere & Company d/b/a John Deere Ottumwa Works as a welder from 1998-2009.

**ANSWER: Defendant admits Paragraph 10 of Plaintiff's Lawsuit.**

12. In 2009, Townsend was terminated from John Deere Ottumwa Works for issues related to severe alcoholism and depression.

**ANSWER: Defendant denies Paragraph 11 of Plaintiff's Lawsuit.**

13. Townsend's alcoholism and depression substantially impaired his ability to concentrate, work, and perform various other daily living activities.

**ANSWER: Defendant denies Paragraph 12 of Plaintiff's Lawsuit.**

14. After his termination in 2009, Townsend underwent successful therapy for his alcoholism and depression and has been able to resume a productive life.

**ANSWER: Defendant denies Paragraph 13 of Plaintiff's Lawsuit for lack of information.**

15. In August 2021 Townsend applied for an open welder position at John Deere Ottumwa Works.

**ANSWER: Defendant denies Paragraph 14 of Plaintiff's Lawsuit.**

16. During the interview process, Townsend's prior termination for issues related to his alcoholism and depression was discussed.

**ANSWER: Defendant denies Paragraph 15 of Plaintiff's Lawsuit.**

17. Townsend was not offered the welding position.

**ANSWER: Defendant admits Paragraph 16 of Plaintiff's Lawsuit.**

18. In November 2021, Townsend again applied for an open welding position at John Deere.

**ANSWER: Defendant admits Paragraph 17 of Plaintiff's Lawsuit.**

19. During the November 2021 interview, Townsend's prior termination for issues related to his alcoholism and depression was again discussed.

**ANSWER: Defendant denies Paragraph 18 of Plaintiff's Lawsuit.**

20. Following the interview, Townsend was informed that he had passed the interview stage and would need to take a welding test and a physical exam.

**ANSWER: Defendant denies Paragraph 19 of Plaintiff's Lawsuit.**

21. Townsend took, and passed, the welding test.

**ANSWER: Defendant admits Paragraph 20 of Plaintiff's Lawsuit.**

22. Before Townsend took his physical exam, John Deere Ottumwa Works notified Townsend that he would not be rehired because of his 2009 termination.

**ANSWER: Defendant admits Paragraph 21 of Plaintiff's Lawsuit and states that the reason Plaintiff's 2009 termination disqualified him from rehire was because he was declared unemployable within the confines of the collective bargaining agreement and related standards and practice established between Deere and the UAW.**

23. John Deere Ottumwa Works is a "person" under the Iowa Civil Rights Act, Iowa Code Chapter 216.

**ANSWER: Defendant admits Paragraph 22 of Plaintiff's Lawsuit.**

24. Townsend has an actual disability as defined in the Iowa Civil Rights Act.

**ANSWER: Defendant denies Paragraph 23 of Plaintiff's Lawsuit.**

25. Townsend has a record of a disability as defined in the Iowa Civil Rights Act.

**ANSWER: Defendant denies Paragraph 24 of Plaintiff's Lawsuit.**

26. John Deere Ottumwa Works perceived Townsend to be a person with a disability as defined in the Iowa Civil Rights Act.

**ANSWER: Defendant denies Paragraph 25 of Plaintiff's Lawsuit.**

27. Townsend's disability, whether real or perceived, was a factor in John Deere Ottumwa Works' decision to not rehire him.

**ANSWER: Defendant denies Paragraph 26 of Plaintiff's Lawsuit.**

28. Townsend could have performed the essential functions of the welder position with or without accommodations.

**ANSWER: Defendant denies Paragraph 27 of Plaintiff's Lawsuit.**

29. As a proximate cause of Defendant's illegal actions, Townsend has been damaged.

**ANSWER: Defendant denies Paragraph 28 of Plaintiff's Lawsuit.**

WHEREFORE, Defendant, Deere & Company, request the Court dismiss Count I of Plaintiff's Petition, the costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

# COUNT II: DISABILITY DISCRIMINATION
## The Americans with Disabilities Act, As Amended
### 42 U.S.C. § 12101 *et seq.*

30. Plaintiff repleads the allegations set forth above as if fully set forth herein.

**ANSWER: Defendant incorporates its responses to the allegations contained in Plaintiff's Lawsuit.**

31. Townsend is an individual with a disability as defined in the Americans with Disabilities Act, As Amended ("ADAAA").

**ANSWER: Defendant denies Paragraph 31 of Plaintiff's Lawsuit, as amended.**

32. Defendant is an employer as defined in the ADAAA.

**ANSWER: Defendant admits Paragraph 32 of Plaintiff's Lawsuit, as amended.**

33. Defendant discriminated against Townsend in violation of the ADAAA by failing to hire Townsend because of his actual, record of, and/or perceived disability.

**ANSWER: Defendant denies Paragraph 33 of Plaintiff's Lawsuit, as amended.**

34. As a proximate cause of Defendant's illegal actions, Townsend has been damaged.

**ANSWER: Defendant denies Paragraph 34 of Plaintiff's Lawsuit, as amended.**

35. Defendant acted with malice or reckless indifference to Townsend's rights, and therefore he is entitled to punitive damages.

**ANSWER: Defendant denies Paragraph 35 of Plaintiff's Lawsuit, as amended.**

**WHEREFORE**, Defendant, Deere & Company, request the Court dismiss Count II of Plaintiff's Amended Complaint, the costs to be assessed against Plaintiff, and for any and all other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests trial by jury in this matter.

**ANSWER:** Defendant makes no response.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages if any are found to exist.

3. Defendant acted in good faith at all times and with reasonable grounds for believing it was not violating the Iowa Civil Rights Act with respect to Plaintiff.

4. To the extent Defendant made any decisions related to Plaintiff, it would have made the same decision notwithstanding any implicated protection.

5. Plaintiff was not qualified to perform the essential functions of the job.

6. Defendant affirmatively states that their conduct was within the reasonable expectations of the parties and consistent with the foregoing, Defendant did not directly or indirectly fail to perform any acts constituting a violation of any rights, if any, of the Plaintiff or violation of any duty or obligations, if any, owed to the Plaintiff.

7. All conduct by Defendant was justified for bona fide legitimate, non-discriminatory and non-retaliatory business reasons.

8. Plaintiff's claims are barred by the statute of limitations and/or are preempted by statute.

9. Defendant's actions with respect to the Plaintiff were justified and were in good faith.

10. Plaintiff's damages, if any, were caused or contributed to by his own actions over which Defendant had no control.

11. To the extent Plaintiff inserts facts and claims in this litigation not raised and preserved with the Iowa Civil Rights Commission and/or the EEOC, Defendants assert they are barred for failure to preserve and comply with the administrative scheme, would be untimely if asserted herein and/or a failure to exhaust administrative remedies.

12. Defendant reserves the right to assert additional defenses as Plaintiff's claims are developed during the course of this litigation.

/s/ Michele L. Brott
Michele L. Brott, AT0010068
Logan Kraus, AT0013433
DENTONS DAVIS BROWN P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: michele.brott@dentons.com
Email: logan.kraus@dentons.com
ATTORNEYS FOR DEFENDANT

Copy to:

Melissa C. Hasso
Emily E. Wilson
SHERINIAN & HASSO LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Email: ewilson@sherinianlaw.com
Email: mhasso@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF

---

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on January 9, 2023 by:

__ U.S. Mail           __ FAX
__ Hand Delivered      __ Overnight Courier
__ Email               X EDMS/CM-ECF

Signature: /s/ Michele L. Brott